UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. JOSEPH NEMETH as Trustee of the JOSEPH NEMETH LIVING TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>GLOBAL APPAREL NETWORK US, INC., JOSEPH SHOHFI, DANETTE GORMAN, and GLOBAL APPAREL NETWORK LTD.,<br><br>Defendants. | Civ.<br><br>COMPLAINT |

Plaintiff, Dr. Joseph Nemeth as Trustee of the Joseph Nemeth Living Trust, by its attorneys, Olshan Frome & Wolosky LLP, for its Complaint alleges:

### Introduction

1. Plaintiff brings this action to collect sums due under a loan agreement on which defendant Global Apparel Network US, Inc. has defaulted and on guarantees received from defendants Joseph Shohfi, Danette Gorman and Global Apparel Network Ltd., which are also in default.

### The Parties

2. Plaintiff Dr. Joseph Nemeth is domiciled in Bloomfield Hills Michigan. He is the sole Trustee and current sole beneficiary of the Joseph Nemeth Living Trust, a trust organized under the laws of Michigan. Plaintiff is therefore a citizen of Michigan.

3. Defendant Global Apparel Network US, Inc. ("GAN") is a Delaware corporation with its principal place of business in New York, New York.

1

3233553-1

4. Upon information and belief, defendants Joseph Shohfi and Danette Gorman are the CEO and Executive VP, respectively, of GAN. Upon information and belief, Mr. Shohfi and Ms. Gorman are domiciled in New York and therefore citizens of New York

5. Defending Global Apparel Network Ltd., ("GAN – Bermuda") is a Bermuda corporation with its principal place of business in New York, New York. It has provided a guaranty for the obligations incurred by GAN to plaintiff.

## Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3), because this is an action between citizens of different States in which citizens of a foreign state are additional parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim asserted occurred in this District. Additionally, all parties have agreed that any action to enforce the agreement on which this action is based shall be brought solely in New York.

## The Loan and Security Agreement

7. In January 2015, defendant GAN entered into a Loan and Security Agreement (the "Loan Agreement") with plaintiff, pursuant to which plaintiff agreed to lend the sum of $200,000. A copy of the Loan Agreement is annexed as Exhibit 1. Plaintiff fulfilled its obligations under the Loan Agreement, delivering a check in the amount of $150,000 in addition to an earlier loan in the amount of $50,000. The Loan Agreement required, among other things, that GAN make monthly interest payments of $3,000, no later than the 20th day of each month, commencing March 20, 2015. Defendant GAN made two interest payments, but failed to make the interest payment due May 20, 2015. By Notice sent May 26, 2015, plaintiff declared the loan in default and accelerated payment of all outstanding obligations.

8. In connection with the Loan Agreement, each of GAN-Bermuda, Joseph Shohfi and Danette Gorman "jointly and severally, unconditionally and irrevocably" guaranteed to plaintiff "the full and timely payment...and performance of the term loan amount and all other obligations of the borrower under this agreement." (Loan Agreement §2.1)

9. In addition, under the Loan Agreement, defendant GAN granted plaintiff a security interest in all of its assets. Plaintiff has duly filed a UCC-1 to perfect its security interest. As a result of its filing, plaintiff now holds a first priority lien on all the assets of GAN, as set forth in greater detail in the Loan Agreement.

10. None of the defendants has made any payment to plaintiff to cure the default or fulfill the guarantee.

11. The Loan Agreement further provides that it is governed by the laws of New York and that each of the signatories "submits to the exclusive jurisdiction of the State and Federal Courts located in New York City, Borough of Manhattan, for any action or proceeding relating to this Agreement..."

First Claim for Relief
(Breach of Loan Agreement)

12. Plaintiff restates the allegations in paragraphs 1 to 11 above.

13. Based upon the foregoing, defendant GAN is in default under the Loan Agreement. Plaintiff is therefore entitled to repayment in full of the principal balance, $200,000, along with default interest and attorneys fees, in accordance with the Loan Agreement, to be computed at the time judgment is entered.

Second Claim for Relief
(Breach of the Guarantee)

14. Plaintiff restates the allegations in paragraph 1 to 13 above.

15. Based upon the forgoing default by defendant GAN, each of defendants Shohfi, Gorman and GAN –Bermuda is obligated under the guaranty to pay plaintiffs all sums owed under the Loan Agreement.

16. Defendants have failed and refused to make any payment to plaintiff. Accordingly, defendants are in breach of their guaranty agreement.

17. Based on upon the foregoing, plaintiff is entitled to an award against each defendant for all sums due under the Loan Agreement, plus interest and attorneys fees.

### Third Claim for Relief
### (Marshalling of Assets)

18. Plaintiff restates the allegations in paragraphs 1 to 17 above.

19. As set forth above, plaintiff has a duly perfected first lien on all of the assets of defendant GAN. In light of the defendant's default under the Loan Agreement, plaintiff is entitled to an Order directing defendant GAN to marshal its assets for foreclosure in order to satisfy the obligations of GAN to plaintiff.

20. Based upon the foregoing, plaintiff respectfully requests that the Court issue an Order directing GAN to marshal all assets subject to plaintiff's lien.

WHEREFORE, plaintiff prays for judgment as follows:

A. On the first count, against Defendant Global Apparel Network US, Inc., a judgment in the amount of $200,000 representing the outstanding principal balance, along with default interest and attorneys fees, as computed under the Loan Agreement, plus the costs and disbursements of this action;

B. Against Defendants GAN-Bermuda, Shohfi and Gorman for all sums due under the First Claim for Relief;

      C.      On the Third Claim for Relief, an Order directing defendant GAN to marshal its assets;

      D.      Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 24, 2015

OLSHAN FROME WOLOSKY LLP

By: _____
Thomas J. Fleming, Esq.
*Attorneys for Plaintiff*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300