# SETTLEMENT AND FORBEARANCE AGREEMENT

This Settlement and Forbearance Agreement (the "**Agreement**") is entered into as of December 11, 2015 (the "**Effective Date**") by and between Dr. Joseph Nemeth, as Trustee of the Joseph Nemeth Living Trust (the "**Trust**"), on the one hand, and Global Apparel Network US, Inc. ("**GAN US**"), Global Apparel Network Ltd. ("**GAN Ltd.**"), Joseph Shohfi ("**Shohfi**"), and Danette Gorman ("**Gorman**," collectively with GAN US, GAN Ltd., and Shohfi, the "**Global Apparel Parties**"), on the other hand.

WHEREAS, on January 29, 2015, the Trust and the Global Apparel Parties entered into a Loan and Security Agreement with the Trust (the "**Loan Agreement**") pursuant to which, among other things, (a) the Trust loaned $200,000 to GAN US; (b) GAN US agreed to make monthly interest payments of $3,000 and repay the outstanding principal and other charges on or before February 28, 2016; and (c) GAN Ltd., Shohfi, and Gorman each jointly and severally guaranteed GAN US's payment obligations under the Loan Agreement;

WHEREAS, GAN US did not make the required interest payment due under the Loan Agreement on May 20, 2015, and the Trust subsequently declared GAN US in default of the Loan Agreement and elected to accelerate payment of all principal, accrued and unpaid interest, and all other obligations due and outstanding under the Loan Agreement;

WHEREAS, the Global Apparel Parties have not repaid any of the principal due under the Loan Agreement;

WHEREAS, on June 29, 2015, the Trust commenced the action entitled *Dr. Joseph Nemeth, as Trustee of the Joseph Nemeth Living Trust v. Global Apparel Network US, Inc., Joseph Shohfi, Danette Gorman, and Global Apparel Network Ltd.*, C.A. No. 15-cv-05051-JPO, in the United States District Court for the Southern District of New York (the "**Action**") to enforce its rights under the Loan Agreement;

WHEREAS, the Trust and the Global Apparel Parties have agreed to settle the Action on the terms set forth in this Agreement.

NOW, in consideration of the foregoing and for other good and valuable consideration, the Trust and the Global Apparel Parties agree as follows:

1. **Recitals.** The recitals set forth above are reaffirmed and incorporated herein.

2. **Entry of Judgment.** The Global Apparel Parties consent to entry of final, non-appealable judgment against them in the Action in the amount of **$286,000** (the "**Judgment**"), in the form annexed to this Agreement as **Exhibit A**.

3. **Payments.** The Trust agrees to accept in full satisfaction of the Judgment the sum of **$240,000** (the "**Settlement Amount**") on the schedule set forth below, with time of the essence. Payment shall be made by wire transfer of immediately available funds to an account of the Trust's choosing so as to be received in such account by 5 p.m. Eastern Time on or before the designated due date.

      A.    $25,000 paid on or before January 25, 2016;

      B.    Eleven (11) monthly payments of $10,000 each paid on or before the last business day of each calendar month commencing February 29, 2016; and

      C.    $105,000 paid on or before January 31, 2017.

4.    **Default.**  In the event that the Global Apparel Parties fail to make payment of the amount set forth in Paragraph 3(A) on the designated due date of such payment, or fail to make payment of any of the amounts set forth in Paragraph 3(B) or Paragraph 3(C) on or before 5 p.m. on the fifth business day following the designated due date of such payment, the Global Apparel Parties shall be in default of this Agreement and the Trust may enforce its rights under the Judgment.

5.    **Forbearance.**  The Trust agrees to forbear from enforcement of the Judgment absent a default by the Global Apparel Parties under this Agreement.  This forbearance shall not prohibit the Trust from registering the Judgment in other Districts pursuant to 28 U.S.C. § 1963, or domesticating the Judgment in any state or foreign country or territory pursuant to applicable law.

6.    **Satisfaction of Judgment.**  Upon the Global Apparel Parties' timely payment of the Settlement Amount, and upon the Global Apparel Parties' request, the Trust shall deliver to the Global Apparel Parties a Satisfaction of Judgment for filing with the Clerk.

7.    **Releases.**

      A.    In consideration of this Agreement, the Global Apparel Parties, on behalf of themselves and their officers, employees, investors, agents, successors, and assigns, hereby release and forever discharge the Trust and its trustees and agents, and any beneficiaries, predecessors, successors, or assigns thereof, from all manner of actions, causes of action, suits, debts, sums of money, accounts, covenants, obligations, liabilities, damages, claims, and demands whatsoever, whether known or unknown, from the beginning of time to the Effective Date, other than the obligations set forth in this Agreement.

      B.    In consideration of this Agreement, the Trust, on behalf of itself and its trustees and agents, and any beneficiaries, predecessors, or assigns thereof, hereby release and forever discharges the Global Apparel Parties, on behalf of itself and its officers, employees, investors, agents, successors, and assigns, from all manner of actions, causes of action, suits, debts, sums of money, accounts, covenants, obligations, liabilities, damages, claims, and demands whatsoever, whether known or unknown, from the beginning of time to the Effective Date, other than the obligations set forth in this Agreement, the Warrant (as defined in the Loan Agreement), and the Judgment.

8. **Further Assurances.**  The Trust and the Global Apparel Parties agree to execute any other documents and to take any other actions that may be reasonably requested or necessary to further the intent and purpose of this Agreement.

9. **Entire Agreement.**  This Agreement constitutes the entire agreement between the Trust and the Global Apparel Parties regarding the subject matter hereof and supersedes any prior discussions, negotiations, and agreements, whether oral or in writing, express or implied, between or amongst the Trust and the Global Apparel Parties.  There are no other promises, representations, warranties, understandings, or agreements between the Trust and the Global Apparel Parties regarding the subject matter hereof except those set forth in this Agreement.  The Trust and the Global Apparel Parties acknowledge and represent that by executing this Agreement they have not relied upon any inducements, promises, or representations made by any other party to this Agreement, or any agent or attorney of any such party, except as set forth in this Agreement, provided that the Trust shall continue to hold its Warrants issued by GAN Ltd.

10. **Modification or Waiver.**  No provision of this Agreement may be modified or waived except by a writing signed by the party against whom the modification or waiver is sought to be enforced.  The waiver by any party of any provision of this Agreement or the breach thereof shall not operate or be construed as a waiver of any other provision or breach thereof.

11. **Notices.**  Notices, requests, and other correspondence required or permitted under this Agreement shall be effective for all purposes on the first business day after delivery if sent by overnight delivery, or the same day if sent by electronic mail, to the following:

>  To the Trust:
>
>> Dr. Joseph Nemeth,
>> as Trustee of The Joseph Nemeth Living Trust
>> 1424 Echo Lane
>> Bloomfield Hills, Michigan 48302
>> jrnemeth1@aol.com
>
>> With a copy to:
>
>> Thomas J. Fleming, Esq.
>> Peter M. Sartorius, Esq.
>> OLSHAN FROME WOLOSKY LLP
>> Park Avenue Tower
>> 65 East 55th Street
>> New York, New York 10022
>> tfleming@olshanlaw.com
>> psartorius@olshanlaw.com

        To the Global Apparel Parties:

            Anthony Galano, III, Esq.
            Jordan Wolff, Esq.
            ELLENOFF GROSSMAN & SCHOLE LLP
            1345 Avenue of the Americas
            11th Floor
            New York, New York 10105
            agalano@egsllp.com
            jwolff@egsllp.com

12. **Validity.** The invalidity of any provision of this Agreement shall not affect the continuing enforceability of the remaining provisions.

13. **Authority.** Each individual executing this Agreement represents and covenants that he / she is authorized to enter into this Agreement on his / her own behalf and on behalf of any other person or entity on whose behalf he / she purports to represent.

14. **Governing Law.** This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of New York without regard to any principles of conflicts of laws. Any dispute with respect to the terms of this Agreement shall be brought exclusively in the Southern District of New York, Hon. J. Paul Oetken, U.S.D.J., which court shall retain jurisdiction to enforce the terms of this Agreement and to adjudicate any post-judgment proceedings.

15. **Jury Trial Waiver.** The Global Apparel Parties hereby waive any right to trial by jury of any claim, demand, action, or cause of action arising under this Agreement or in any way connected with or related or incidental to the dealings of the parties to this Agreement.

16. **Attorneys' Fees and Costs.** In the event of any Default, the Trust shall be entitled to recover from the Global Apparel Parties, jointly and severally, its reasonable expenses associated with prosecuting the dispute or claim, including but not limited to its reasonable attorneys' fees, experts' fees, and litigation costs and expenses. The Trust shall also be entitled to recover from the Global Apparel Parties, jointly and severally, its reasonable attorneys' fees associated with any such fee application.

17. **Legal Counsel and Drafting.** The Trust and the Global Apparel Parties agree that this Agreement is the result of arm's length negotiations amongst sophisticated parties represented by experienced legal counsel and that each had a meaningful opportunity to negotiate the terms of the Agreement. Accordingly, no ambiguity in this Agreement shall be interpreted against or in favor of any party based on application of the doctrine of *contra proferentem*.

18. **Headings.** The headings used in this Agreement are for convenience of reference only and shall not affect the construction of this Agreement in any way.

19. **Successors and Assigns.**  This Agreement shall bind and inure to the benefit of the Trust and the Global Apparel Parties and their respective assigns.  The Global Apparel Parties shall not assign or otherwise transfer their obligations hereunder without the prior written consent of the Trust.  Any attempted assignment in violation of the foregoing shall be null, void *ab initio*, and unenforceable against the Trust.

20. **Counterparts.**  This Agreement may be executed in one or more counterparts all of which taken together shall be deemed one original.  Signatures by facsimiles or transmitted as an attachment to electronic mail shall constitute an original signature.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, this Agreement has been duly executed by the parties hereto as of the date set forth above.

THE JOSEPH NEMETH LIVING TRUST

By: _____
Name:  Dr. Joseph Nemeth
Title:  Trustee

GLOBAL APPAREL NETWORK US, INC.

By: _____
Name:
Title:  President

GLOBAL APPAREL NETWORK LTD.

By: _____
Name:
Title:  President

JOSEPH SHOHFI

_____
Joseph Shohfi

DANETTE GORMAN

_____
Danette Gorman

## **EXHIBIT A**

**Form of the Judgment**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. JOSEPH NEMETH as Trustee of the JOSEPH NEMETH LIVING TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>GLOBAL APPAREL NETWORK US, INC., JOSEPH SHOHFI, DANETTE GORMAN, and GLOBAL APPAREL NETWORK LTD.,<br><br>Defendant. | C.A. No. 15 Civ. 05051 (JPO)<br><br><br><br>**JUDGMENT** |

All parties having consented to the entry of this Judgment against defendants pursuant to a Settlement and Forbearance Agreement dated December 11, 2015 and entered into between plaintiff and defendants, it is

**ORDERED, ADJUDGED and DECREED:** That plaintiff Dr. Joseph Nemeth, as Trustee of the Joseph Nemeth Living Trust, have judgment against defendants Global Apparel Network US, Inc., Joseph Shohfi, Danette Gorman, and Global Apparel Network Ltd., jointly and severally, in the liquidated amount of $286,000.00.

Dated:  New York, New York
             December         , 2015

                                                                          _____
                                                                          J. PAUL OETKEN
                                                                          United States District Judge

{00398299.DOC.1}                        8
3500786-4